UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PROPERTY-OWNERS INSURANCE, CO., | ) ) ) |
| Plaintiff, | ) ) ) CAUSE NO. 2:14-CV-267-PPS |
| v. | ) ) |
| RAYMOND T. YAGELSKI, ERICA L. YAGELSKI, R&E MIDWEST CONSTRUCTION CO., INC. d/b/a MIDWEST CONSTRUCTION CO., BRANDON GOLD, and REBECCA SKURA, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## **OPINION AND ORDER**

This matter is before the Court on Plaintiff Property-Owners Insurance, Co.'s Motion for Entry of Default Judgment Against Defendants Raymond T. Yagelski, Erica L. Yagelski, and R&E Midwest Construction Co., Inc. d/b/a/ Midwest Construction Co. [DE 39.] Because granting the motion for default judgment would risk the possibility of inconsistent adjudications with respect to the remaining nondefaulting parties, Property-Owner's motion is denied at this time.

Property-Owners brought this declaratory judgment action seeking a declaration that it owed no duty to defend or indemnify Defendants Raymond T. Yagelski, Eric L. Yagelski, and Midwest Construction under the terms of their insurance policy with Property-Owners concerning claims made by Defendants Brandon Gold and Rebecca Skura against Defendants Raymond T. Yagelski, Eric L. Yagelski, and Midwest

Construction in an action filed in the Lake County Circuit Court. [DE 1 at 21.] In that state court action, Gold and Skura allege claims of negligence and home improvement fraud against the Yagelskis and Midwest Construction. [*Id.* at 3-6.] At a status conference held in this action on October 14, 2016, at which counsel for Property-Owners and Gold and Skura appeared telephonically, the parties represented that the state court action is currently in discovery. [DE 43.]

The Yagelskis and Midwest Construction have failed to appear or otherwise defend in this action. On September 8, 2016 the Clerk of this Court entered default against them. [DE 38.] Property-Owners now seeks the entry of default judgment against them, despite the fact that judgment has not yet been entered against the Yagelskis and Midwest Construction in the state court action, so the parties have no idea for how much Property-Owners would have to indemnify the Yagelskis and Midwest Construction, if at all. It does not seem appropriate to grant a default judgment, specifically regarding Property-Owners' duty to indemnify, when the issues in the underlying state court action have yet to be resolved.

There is an additional wrinkle in this case. Gold and Skura, the two other defendants in this action, filed an answer to the complaint and now are in the midst of litigating this action. In situations where default judgment is sought from fewer than all defendants, "courts have recognized that if an entry of a default judgment against a defendant in a multi-defendant action could result in inconsistent judgments, entry of default judgment prior to adjudication of the merits of the case with regard to the

nondefaulting parties may be improper." *State Farm Fire & Cas. Co. v. Nokes*, No. 2:08-CV-312 PPS, 2010 WL 679057, at *2 (N.D. Ind. Feb. 23, 2010) (quoting *State Farm Mut. Auto Ins. Co. v. Jackson*, 736 F. Supp. 958, 961 (S.D. Ind. 1990)); *see also Frow v. De la Vega*, 82 U.S. 552, 554 (1872); *Marshall & Ilsley Co. v. Pate*, 819 F.2d 806, 811-12 (7th Cir. 1987). Within the Seventh Circuit, this notion is narrowly construed and applied only where the theory of recovery is of joint liability, or when "the nature of the relief is such that [it] is necessary that judgments against the defendants be consistent." *Nokes,* 2010 WL 679057, at *2 (citing *Jackson*, 736 F. Supp. at 961); *see also Home Ins. Co. of Il. v. ADCO Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) ("In a suit against multiple defendants a default judgment should not be entered against one until the matter has been resolved as to all.").

*Nokes* illustrates this principle. There, seven of eleven defendants had failed to answer or otherwise defend against the plaintiff insurance company's complaint seeking declaratory judgment. *Nokes,* 2010 WL 679057, at *3. However, the four remaining nondefaulting defendants were in the process of resolving the matter on the merits through litigation. *Id*. As the Court there explained:

> If [the nondefaulting Defendants] are successful, the judgment will state that [Plaintiff] has a duty to indemnify the policyholder Donald Nokes and is liable for a judgment rendered against him. But a default judgment against the defaulting Defendants would find that [Plaintiff] has no duty to indemnify Nokes under the same insurance policy. The possibility of such inconsistency weighs against granting [Plaintiff]'s default motion, at least at this point.

3

*Id.* at *3.

The risks in *Nokes* are present in this case as well. If I were to grant Property-Owners' motion for default judgment against the Yagelskis and Midwest Construction and the nondefaulting defendants end up winning on the merits of the case that is still ongoing, inconsistent judgments arising out of the same conduct would result. For these reasons, Property-Owners' motion must be denied at this time. Of course, Property-Owners is free to re-raise the issue after the case against the non-defaulting defendants has been resolved.

ACCORDINGLY:

Plaintiff's Motion for Default Judgment [DE 39] is **DENIED** with leave to re-file after judgment is reached with regard to the nondefaulting defendants.

**SO ORDERED.**

ENTERED: October 18, 2016

     s/ Philip P. Simon\
PHILIP P. SIMON, CHIEF JUDGE\
UNITED STATES DISTRICT COURT